MEMORANDUM DECISION
David Burns was indicted in June of 1985 on charges of rape and kidnapping. He was convicted of both charges in November of 1985 and sentenced accordingly. On appeal, his conviction for kidnapping was reversed.
Following enactment of Ohio's Sexual Predator Law, he was scheduled for a hearing to determine if he is a sexual predator. On February 24, 1999, a trial judge journalized a finding that he is a sexual predator.
Mr. Burns has now pursued a direct appeal, assigning a single error for our consideration:
 THE TRIAL COURT ERRED WHEN IT DETERMINED THAT THE APPELLANT WAS A SEXUAL PREDATOR WHEN THE FACTS DID NOT SUPPORT THE DETERMINATION.
The trial court's decision and entry finding Mr. Burns to be a sexual predator indicates that Mr. Burns was represented by counsel and that no testimony was received. The stipulated exhibits which were the basis for the trial court's finding consisted of (1) a transcript of the trial; (2) copies of the indictment, sentencing entries and a waiver of a jury trial; (3) a sentencing entry in case No. 81CR-3306; (4) a sentencing entry in case No. 80CR-2964; (5) a sentencing entry in case No. 85CR-1917; and (6) a sentencing entry in case No. 81CR-3134A.
The detailed decision and entry journalized by the trial court addressed all the pertinent findings required for an adjudication that Mr. Burns is a sexual predator. The record before us does not permit us to find that the trial court erred in its factual findings. We, therefore, must and do overrule the sole assignment of error.
The judgment of the trial court is, therefore, affirmed.
Judgment affirmed.
LAZARUS, P.J., and KENNEDY, J., concur.